**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MUSA IKHARO,                     Case No. 1:19-cv-256
       Plaintiff,

                                    McFarland, J.
       vs.                          Bowman, M.J.

C.T. SHANKS, *et al*.,            **REPORT AND**
       Defendants.            **RECOMMENDATION**

Plaintiff, a former United States Immigration and Customs Enforcement (ICE) detainee,[1] purports to invoke the Court's jurisdiction under numerous citations to federal authority, including *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); 28 U.S.C. § 1331; 28 U.S.C. § 1332; 5 U.S.C. § 702; APA-5 U.S.C. § 701, *et seq*.; 28 U.S.C. § 1651; the All Writs Act; 42 U.S.C § 1983; 28 U.S.C. § 1343; 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988; and 28 U.S.C. § 1350. In his complaint, plaintiff claims "violations of [his] civil rights, due process and equal protection, malicious prosecution or illegal deportation proceedings." (Doc. 1-1, at PageID 11). He requests damages, injunctive, and declaratory relief. (*Id*., at PageID 11-12, 46). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis*. 28 U.S.C. § 1915.

This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

---

[1]At the time that plaintiff filed this action, he was detained at the Butler County Jail. (Doc. 1-1, at PageID 12). As set forth below, plaintiff has since been removed from the United States to Nigeria. Plaintiff submitted a notice of change of address providing an alternate address in Westerville, Ohio. (Doc. 6). The Court does not have an address for plaintiff in Nigeria.

### A. Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however,

the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71

("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a

claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).   The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation."   *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

(1986)).   Although a complaint need not contain "detailed factual allegations," it must provide

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Iqbal*, 556 U.S.

at 678 (citing *Twombly*, 550 U.S. at 555).   A pleading that offers "labels and conclusions" or

"a formulaic recitation of the elements of a cause of action will not do."   *Twombly*, 550 U.S. at

555.   Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual

enhancement."   *Id.* at 557.   The complaint must "give the defendant fair notice of what the . .

. claim is and the grounds upon which it rests."   *Erickson*, 551 U.S. at 93 (citations omitted).

## B. Background

This Court has set forth the background of facts underlying plaintiff's claims in previous

decisions.[2]   In *Ikharo v. U.S. Attorney General*, Case No. 1:18-cv-385 (Black, J.; Bowman,

---

[2]The undersigned notes that plaintiff has previously filed another civil rights action and four habeas corpus actions in this Court.  *See Ikharo v. Russell*, No. 1:19-cv-255 (S.D. Ohio May 20, 2019) (Black, J.; Litkovitz, M.J.) (civil rights) (Report and Recommendation to dismiss (Doc. 12) pending); *Ikharo v. Barr*, No. 1:19-cv-270 (S.D. Ohio May 21, 2019) (Barrett, J.; Litkovitz, M.J.) (habeas corpus) (Order consolidating case with No. 1:19-cv-175); *Ikharo v.*

M.J.) (S.D. Ohio, July 17, 2019) (Doc. 28), the Court provided the following background:[3]

> [Plaintiff] is a native and citizen of Nigeria. (Doc. 17-2, Hinman Decl. at PageID
> 85). On or about November 3, 1995, [plaintiff] became a lawful permanent
> resident of the United States, after an Immigration Judge granted him a suspension
> of deportation. On or about December 16, 1994, [plaintiff] was convicted of gross
> sexual imposition of a minor and disseminating harmful matter to a juvenile in
> violation Ohio Rev. Code §§ 2907.05 and 2907.31.
>
> On October 18, 2002, a notice to appear was issued, charging [plaintiff] as
> removable from the United States pursuant to Immigration and Nationality Act
> (INA) §§ 237(a)(2)(A)(ii) and (iii), based on his convictions of a crime involving
> moral turpitude and an aggravated felony. (*Id.* at PageID 86). [Plaintiff] was
> ordered removed on July 18, 2007. In issuing its decision the Immigration Judge
> found him statutorily ineligible for a waiver of inadmissibility under INA § 212(c).
> (*Id.* at Ex. 4 at PageID 107–08). [Plaintiff] appealed the decision of the
> Immigration Judge to the Board of Immigration Appeals (BIA). (*Id.* at PageID
> 86). On August 18, 2008 his appeal was denied. On August 2, 2010, his petition
> for review of the BIA's decision was denied by the Sixth Circuit Court of Appeals.
> [Plaintiff] was removed to Nigeria on October 26, 2010.
>
> On January 10, 2012, the United States Supreme Court vacated the Sixth Circuit's
> decision. (*Id.* at PageID 87). [Plaintiff's] case was remanded to the Sixth Circuit
> for further consideration in light of the Supreme Court's holding in *Judulang v.
> Holder*, 565 U.S. 42 (2011), which determined that BIA's application of INA
> § 212(c) in the deportation context was arbitrary and capricious under the
> Administrative Procedure Act, 5 U.S.C. § 706(2)(A).[4] (*See* Hinman Decl., Ex. I

---

*Attorney General of U.S.*, No. 1:19-cv-175 (S.D. Ohio Jan. 29, 2020) (Dlott, J.; Litkovitz, M.J.) (habeas corpus) (Order
adopting Report and Recommendation to deny relief); *Ikharo v. Attorney General*, No. 1:19-cv-227 (S.D. Ohio July
17, 2019) (Dlott, J.; Bowman, M.J.) (habeas corpus) (Order consolidating case with No. 1:18-cv-385); *Ikharo v. United
States Attorney General*, No. 1:18-cv-385 (S.D. Ohio June 4, 2018) (Black, J.; Bowman, M.J.) (habeas corpus) (Report
and Recommendation to deny relief (Doc. 28) pending). Plaintiff also has two appeals pending in the Sixth Circuit
Court of Appeals from the Board of Immigration Appeals (BIA). *See Ikharo v. Barr*, No. 19-3367 (6th Cir. 2019);
*Ikharo v. Barr*, No. 18-4153 (6th Cir. 2018).

[3]This Court may take judicial notice of its own records. *See United States v. Doss*, 563 F.2d 265, 269 n. 2 (6th Cir.
1977). Further, "[f]ederal courts may take judicial notice of proceedings in other courts of record." *Rodic v.
Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank,* 417 F.2d 75,
82–83 (6th Cir. 1969)).

[4]In *Judulang*, the Supreme Court summarized the BIA's method of applying § 212(c) as follows:

> The BIA's approach, known as the "comparable-grounds" rule, evaluates whether the charged deportation
> ground has a close analogue in the statute's list of exclusion grounds. If the deportation ground consists of
> a set of crimes "substantially equivalent" to the set making up an exclusion ground, the alien can seek § 212(c)
> relief. But if the deportation ground covers different or more or fewer offenses than any exclusion ground,
> the alien is ineligible for relief, even if the alien's particular offense falls within an exclusion ground.

at PageID 138).   By Order issued February 16, 2012, the Sixth Circuit remanded the case to the BIA for reconsideration in light of *Judulang*.   (*Id.* at PageID 87). On June 12, 2014, the BIA remanded the proceedings back to an Immigration Judge for consideration of a waiver of inadmissibility.   [Plaintiff] was returned to the United States on February 16, 2018 and was detained by ICE during the course of his removal proceedings.

On May 16, 2018, on remand, the Immigration Court held an individual hearing. The Immigration Judge again sustained the aggravated felony charge under INA § 237(a)(2)(A)(iii) and denied [plaintiff] a waiver of inadmissibility.[5]   (*See id.,* Ex. K at PageID 144).   [Plaintiff] was ordered removed to Nigeria pursuant to INA § 237(a)(2)(A)(iii).

(*Id.* at PageID 281–283).   Plaintiff subsequently appealed the Immigration Judge's decision to the BIA.   On November 5, 2018, the BIA affirmed the Immigration Judge's decision.   (*Ikharo v. Attorney General of U.S.*, No. 1:19-cv-175 (Dlott, J.; Litkovitz, M.J.) (Doc. 16, at PageID 149) (citing Doc. 11-1, Edmister Decl. at PageID 95)).   Plaintiff filed a motion to reopen with the BIA, which was denied on April 3, 2019.   (*Id.* (citing Doc. 11-1, Edmister Decl. at PageID 96)).

Plaintiff has sought review of the decision in the Sixth Circuit Court of Appeals and currently has two cases pending in the Sixth Circuit challenging the denial of his waiver of inadmissibility and his motion to reopen, in which plaintiff alleges his attorney provided him with ineffective assistance of counsel in his immigration proceedings.   (*Id*. (citing *Ikharo v. Barr,* Case Nos. 18-4153, 19-3367 (6th Cir. 2019)).   The Sixth Circuit denied plaintiff a stay of removal on March 22, 2019.   (*Id.*).   Plaintiff was removed to Nigeria on or about April 23, 2019.   (*Id*. (citing Doc. 11-1, Edmister Decl. at PageID 96)).

---

*Judulang*, at *477.

[5]The charge that [plaintiff] was removable for having committed a crime of moral turpitude was withdrawn.   (*See Ikharo*, Case No. 1:18-cv-385 (Doc. 17-2, Hinman Decl., Ex. K at PageID 144)).

### C. Claims

Plaintiff, who is proceeding pro se, asserts the following four causes of action:   (1) "defendant's arbitrary or capricious use of 1-day parole under 8 USC 1182(d)(5)(A) to facilitate plaintiff's return to United States on February 16, 2018, deprived him of the rights to 5th and 14th amendments to due process and equal protection under federal and/or state of Ohio constitution;" (2) "during plaintiff's immigration remand proceedings on May 16, 2018, defendant recklessly and negligently underscored the unavoidable dispositive parole error in light of effect of arbitrary or capricious use of 1-day parole under 8 USC 1182(d)(5)(A) to deprive plaintiff's eligibility for former 8 U.S.C. 1182(c) (1994 ed.);" and (3) and (4) the decisions of the immigration judge and BIA on remand are void and unlawful.   (Doc. 1-1, at PageID 38-44).

### D. Analysis

For the reasons below, plaintiff's complaint is subject to dismissal at the screening stage.

As an initial matter, to the extent that plaintiff challenges his physical custody, the proper mechanism is a petition for a writ of habeas corpus.   *See Zadvydas v. Davis,* 533 U.S. 678 (2001).[6]   Furthermore, to the extent that plaintiff seeks to challenge his final order of removal, his sole remedy is to file a petition for review with the Sixth Circuit Court of Appeals.[7]   *See*

---

[6]As noted herein, however, plaintiff has been removed to Nigeria.   In Case No. 19-cv-175 (Doc. 16), this Court found: "Finally, as to [plaintiff's] remaining request for an order releasing him from ICE custody, [plaintiff's] April 23, 2019 removal renders this action moot and deprives the Court of jurisdiction."   (*Id.* at PageID 151).

[7]8 U.S.C. § 1252(a)(5) states that "a petition for review filed with the appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter."   Section 1252(b)(9) further states "Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section."

*Tota-Maharaj v. Holder*, 416 F. App'x 558, 559 (6th Cir. Mar. 25 2011) ("Congress provides this court with exclusive jurisdiction to review a final order of removal."); *Krninova v. Holder*, No. 2:09-cv-577, 2010 WL 1253972, at *1 (S.D. Ohio Mar. 23, 2010) ("jurisdiction to consider any order of removal is vested exclusively in the appropriate court of appeals").

Next, turning to plaintiff's first two causes of action, the undersigned previously found in *Ikharo*, No. 1:18-cv-385 (Doc. 28, at PageID 285-86), while considering claims substantially similar to these claims, that the Court is without jurisdiction over challenge to the discretionary use of parole pursuant to 8 U.S.C. § 1182(d)(5)(A).[8]  *See Pouza v. USCIS Miami*, 516 F. App'x 731, 731 (11th Cir. 2013) ("The decision whether to parole an alien into the United States rests within the discretion of the Secretary, 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(a), and that discretionary decision is shielded from judicial review, 8 U.S.C. § 1252(a)(2)(B)."). Additionally, with respect to plaintiff's claims relating to his eligibility for relief under 212(c) (*see Ikharo*, No. 1:19-cv-256 (Doc. 1-1, at PageID 39), both the BIA and Sixth Circuit[9] have

---

[8]Section 1182(d)(A)(5) states that:

> The Attorney General may, except as provided in subparagraph (B) or in section 1184(f) of this title, in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Attorney General, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

[9]In the BIA's April 3, 2019 Decision, the BIA addressed plaintiff's claim as follows:

> The respondent argues that his application for former section 212(c) waiver was denied because he could not prove that he was "admitted" (Motion at 18).  However, the respondent was eligible to apply for the former section 212(c) waiver because he had been admitted as a lawful permanent resident in 1993.  As noted above, the Immigration Judge denied the respondent's application for former section 212(c) waiver in the exercise of discretion, and the Board upheld this decision.  The manner of the respondent's return in March 2018 did not affect the outcome of respondent's case.

*Ikharo*, No. 1:19-cv-175 (Doc. 11-1, Ex. C at PageID 110–11).

noted that the manner of plaintiff's return had no impact on his eligibility for 212(c) relief.   In

Case No. 1:18-cv-385, this Court also rejected a claim by plaintiff that his detention during his

renewed removal proceedings was improper.   (*Ikharo*, No. 1:18-cv-385 (Doc. 28, at PageID

288-90)).

Accordingly, the Court cannot infer that plaintiff has pleaded a viable civil rights claim in

his first two causes of action.

In his third and fourth causes of action, plaintiff asserts that decisions of the immigration

judge and BIA on remand are void and unlawful.   *Ikharo*, No. 1:19-cv-256 (Doc. 1-1, at PageID

41-44).   Again, the undersigned rejected substantially similar claims in Case No: 1:18-cv-385,

explaining:

> [Plaintiff's] request for the Court to vacate the rulings of the immigration courts is
> also properly before the Sixth Circuit.   As noted above, [plaintiff] claims that these
> decisions are void and requests that the Court "vacate the order removing him from
> the United States." (Doc. 27).   However, to the extent that [plaintiff] seeks to
> challenge his final order of removal, his sole remedy is to file a petition for review
> with the Sixth Circuit Court of Appeals.[10]   *See Tota-Maharaj v. Holder*, 416 F.
> App'x 558, 559 (6th Cir. Mar. 25 2011) ("Congress provides this court with
> exclusive jurisdiction to review a final order of removal."); *Krninova v. Holder*,
> No. 2:09-cv-577, 2010 WL 1253972, at *1 (S.D. Ohio Mar. 23, 2010) ("jurisdiction
> to consider any order of removal is vested exclusively in the appropriate court of
> appeals").   The undersigned notes that [plaintiff] properly sought review of his
> removal order/denial of his request for 212(c) in the Sixth Circuit, which remains
> pending in Case No. 18-4153.   Because this Court does not have jurisdiction to

---

This Sixth Circuit similarly noted that "the Immigration Judge and the Board did not rely on his status as a parolee to deny him relief, meaning that this issue had no effect on his application for a waiver of inadmissibility" in addressing plaintiff's claim in the adjudication of his motion for a stay of removal.   *See Ikharo v. Barr*, No. 18-4153 (6th Cir. Mar. 22, 2019) (Doc. 28, at p. 2)).

[10] 8 U.S.C. § 1252(a)(5) states that "a petition for review filed with the appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter."   Section 1252(b)(9) further states "Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section."

8

consider [plaintiff's] challenges to the rulings of the immigration courts, [plaintiff]
is not entitled to federal habeas relief based on this claim.

(*See Ikharo*, No. 1:18-cv-385 (Doc. 28, at PageID 292-93)).

For the same reasons, the undersigned finds that this Court does not have jurisdiction

over plaintiff's third and fourth causes of action.   Because this Court does not have jurisdiction

over challenges to the rulings of the immigration courts, plaintiff is not entitled to relief based on

these claims.

Accordingly, plaintiff's complaint should be dismissed for lack of federal jurisdiction and

for failure to state a claim upon which relief may be granted.   *See* 28 U.S.C. § 1915(e)(2)(B).

### IT IS THEREFORE RECOMMENDED THAT:

1.   The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C.

§ 1915(e)(2)(B).

2.   The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an

appeal of any Order adopting this Report and Recommendation would not be taken in good faith

and therefore deny plaintiff leave to appeal *in forma pauperis*.   Plaintiff remains free to apply to

proceed *in forma pauperis* in the Court of Appeals.   *See Callihan v. Schneider*, 178 F.3d 800,

803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277

(6th Cir. 1997).

*s/Stephanie K. Bowman*

Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MUSA IKHARO,                                      Case No. 1:19-cv-256
      Plaintiff,

                                      McFarland, J.
  vs.                                                       Bowman, M.J.

C.T. SHANKS, *et al*.,
      Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written

objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after

being served with a copy thereof.   That period may be extended further by the Court on timely

motion by either side for an extension of time.   All objections shall specify the portion(s) of the

R&R objected to, and shall be accompanied by a memorandum of law in support of the

objections.   A party shall respond to an opponent's objections within **FOURTEEN DAYS** after

being served with a copy of those objections.   Failure to make objections in accordance with this

procedure may forfeit rights on appeal.   *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States*

*v. Walters,* 638 F.2d 947 (6th Cir. 1981).